**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 26-87-DLB**

**TABITHA BEARDEN and**                                                              **PLAINTIFFS**
**LEROY ALVIN HOUCHIN, II**

**v.**                                  **MEMORANDUM OPINION AND ORDER**

**KEVIN WILLIAMS,**                                                                   **DEFENDANT**

*** *** *** ***

Tabitha Bearden and Leroy Alvin Houchin, II, are residents of Ironton, Ohio. Bearden and Houchin have filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). Bearden has also filed a motion for leave to proceed *in forma pauperis*. (Doc. # 2). The Court has granted Bearden *pauper* status by separate Order.[1]

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiffs' favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Bearden alleges that in December 2022 she and Houchin were at a Walmart in Ashland, Kentucky to get money for rent. *See* (Doc. # 1 at 4). She called 911 when she

---

[1] Houchin did not file his own motion to proceed *in forma pauperis*. But having granted Bearden *pauper* status, the Court will disregard the omission.

1

experienced difficulties, and Officer Kevin Williams of the Ashland Police Department arrived.  However, Williams allegedly started yelling at Bearden, despite her telling the officer that she is autistic and suffered from mental health issues.  Williams then allegedly began yelling at Houchin and told the couple to leave the store.  However, when they attempted to leave, Williams arrested both Bearden and Houchin.  *See id*.  Officer Williams allegedly made derogatory comments to both of them when driving to the station.  Bearden states that Houchin pleaded guilty just "to get home to me."  *See id*. at 5.  The complaint does not identify any particular legal theory underpinning their request for relief.  The plaintiffs seek damages and for "[a]ll charges against Leroy Houchin [to be] dropped."  *See id*. at 6.

The events giving rise to plaintiffs' claims are functionally identical to those they made in a civil rights complaint the two filed in December 2023.  *See Houchin v. Williams*, No. 0: 23-CV-121-DLB (E.D. Ky. 2023) (Doc. # 1 therein).  The Court dismissed the action upon initial screening one month later.  *See id*. at (Doc. # 7).  Referencing the state court record in *Commonwealth v. Bearden*, No. 22-M-00899 (Boyd. Dist. Ct. 2022) and *Commonwealth v. Houchin*, No. 22-M-00898 (Boyd. Dist. Ct. 2022),[2] the Court noted that Williams ostensibly arrested both plaintiffs for disorderly conduct after each allegedly began screaming and directing profanity towards the officer.  The charges against Bearden were promptly dropped and she was released from custody one day later; a few days later Houchin pleaded guilty and was sentenced to time served, ten days of

---

[2]  State court records involving these proceedings are available at the Kentucky Court of Justice's searchable online eCourt's database.  *See* https://kcoj.kycourts.net/CourtNet/Search/Index (last visited July 2, 2026).

community service and two years of probation.[3]  The Court dismissed the complaint, noting that it did not allege any facts suggesting that officer Williams lacked probable cause for the arrest or otherwise acted in a manner violative of the plaintiffs' rights, and that his guilty plea rendered any false arrest claim premature pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  *See* (Doc. # 7 therein at 3-5).

The plaintiffs' current complaint is subject to dismissal on the same grounds identified in the earlier case.  The facts alleged in the current complaint do not plausibly state grounds for a false arrest claim, *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002), or readily suggest any other type of claim applicable under the circumstances described.  Further, a Section 1983 claim by Bearden is now barred by the applicable one-year statute of limitations.  *See Wright v. Louisville Metro Gov't*, 144 F.4th 817, 824 (6th Cir. 2025). Such a claim by Houchin remains premature under *Heck* given his guilty plea.  And Houchin cannot obtain the dismissal of the state charges against him by filing a civil rights complaint; that relief can be obtained only through a habeas corpus proceeding under limited circumstances.  *See Wilkinson v. Dotson*, 125 S. Ct. 1242, 1247 (2005) ("Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.").  Finally, while the plaintiffs

---

[3]  One year after this Court issued its opinion, in January 2024 the state court vacated its order dismissing the charges against Bearden.  After she allegedly failed to appear for a February 2024 arraignment in the case, in March 2024 the state court identified Bearden as a fugitive.   In Houchin's case, in February 2023 the state court issued a still-outstanding bench warrant on the ground that he allegedly failed to appear for his court-ordered community work program.

do not expressly identify any claims arising under state law, such claims would be dismissed without prejudice in light of the dismissal of the federal claims. *See* 28 U.S.C. § 1367(c)(3); *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021), *cert. denied*, 143 S. Ct. 88 (2022).

While certain of the apparent claims appear subject to dismissal with prejudice, given the lack of specificity in the complaint, out of an abundance of caution the Court will dismiss this entire action without prejudice.

Accordingly, it is **ORDERED** as follows:

(1)    The Complaint filed by Tabitha Bearden and Leroy Alvin Houchin, II, (Doc. # 1), is **DISMISSED** without prejudice.

(2)    This matter is **STRICKEN** from the docket.

This 6th day of July, 2026.



Signed By:

David L. Bunning

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Bearden 0-26-87 Memorandum.docx

4